## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TOP TOBACCO, L.P. | ) | |
| and | ) | |
| REPUBLIC TOBACCO, L.P., | ) | |
| | ) | Case No. 14-cv-08978 |
| Plaintiffs/Counter-Defendants, | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| v. | ) | |
| | ) | |
| GOOD TIMES USA, LLC. | ) | |
| | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF TOP TOBACCO'S
### MOTION TO STRIKE COUNTERCLAIM AND AFFIRMATIVE DEFENSES

In this case, Top Tobacco, L.P. and its exclusive distributor, Republic Tobacco, L.P., ("Top Tobacco") allege that Defendant's use of the trademark 4 KINGS for cigars and cigarillos infringes their long-held, federally registered rights in the trademark 4 ACES for tobacco. Defendant/Counter-Plaintiff's Answer to Complaint for Injunctive Relief and Damages, and Counterclaims pleads a wholly duplicative counterclaim for a declaration of non-infringement and seven affirmative defenses that are legally untenable, conclusory statements that fail to comply with *Iqbal* and *Twombly* or merely restatements of their denial of Top Tobacco's allegations. Unless stricken, each of these pleadings will clutter the case with impertinent allegations, require unnecessary discovery and motion practice and unnecessarily increase the time and expense of discovery. Accordingly, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, each should be stricken.

I.    **COUNTER-PLAINTIFF'S  FIRST COUNTERCLAIM
IS DUPLICATIVE AND SHOULD BE STRICKEN**

Motions to strike should be granted when they remove unnecessary clutter from a case, and therefore expedite rather than delay the proceedings.  *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).   In trademarks infringement cases, it is well established that motions to strike counterclaims seeking declarations of non-infringement should be granted where the counterclaim is duplicative of the claims in the underlying complaint. *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, No. 12 C 9686, 2014 U.S. Dist. LEXIS 90685, at *6-7 (N.D. Ill. July 3, 2014).  This Court has routinely held that where the substantive suit would resolve the issues raised by a declaratory judgment action, the declaratory judgment action should be dismissed as it serves no useful purpose. *See, e.g.*, *Intercon Solutions, Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1065 (N.D. Ill. 2013) (dismissing defendant's counterclaim because it significantly overlapped with issues raised in plaintiff's complaint); *Nielsen Co. (US), LLC v. Truck Ads, LLC*, No. 08 C 6446, 2011 U.S. Dist. LEXIS 6453, at *5 (N.D. Ill. Jan. 24, 2011) (striking without prejudice counterclaim seeking declaratory judgment of non-infringement); *U.S. v. Zanfei*, 353 F. Supp. 2d 962, 965 (N.D. Ill. 2005) (finding counterclaim for declaratory judgment repetitious and unnecessary because it merely restated an issue already before the court).

In *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, for example, this Court dismissed a counterclaim seeking a declaration of non-infringement as redundant. 2014 U.S. Dist. LEXIS 90685, at *6-7.  There, the Court found that, once it rules on the merits of the plaintiff's complaint, "the question of whether [d]efendant infringed upon [p]laintiff's marks will be resolved in the entirety" and dismissed the defendant's declaratory judgment counterclaim.  *Id*. Similarly, in *Intercon Solutions, Inc. v. Basel Action Network*, this Court struck a counterclaim

seeking declaratory relief as repetitious and unnecessary because it sought the opposite effect of the complaint and merely restated an issue already before the court. 969 F. Supp. 2d 1026, 1065-66 (N.D. Ill. 2013). In that case, the plaintiff's complaint alleged, among others, that the defendant had defamed plaintiff by making false statements about the plaintiff. The defendant sought declaratory relief that its status as a credible organization has been harmed and threatened by assertions made by plaintiff. In doing so, defendant argues that the issues presented in its counterclaim were broader than the issues already before the court. The Court disagreed and found that, in light of the allegations in the Complaint and pleadings, the counterclaim was redundant of the issues already before the Court and as such, a separate declaratory judgment action was not necessary to resolve the issues. *Id*. at 1067.

As in *Sarkis' Café* and *Intercon Solutions,* Counter-Plaintiff's First Counterclaim merely seeks the opposite effect of Top Tobacco's Complaint, namely a declaration of non-infringement. Top Tobacco's Complaint alleges that Counter-Plaintiff's use of the 4 KINGS mark is likely to cause confusion as to the affiliation of Counter-Plaintiff with Top Tobacco and Top Tobacco's marks and infringes its trademark rights. *See* Complaint at 8, ¶27. Duplicatively, Counter-Plaintiff's First Counterclaim[1] seeks a declaration finding just the opposite. *See* Counterclaim ¶¶ 27-31, Answer at 20. Such claim is repetitious and unnecessary and a separate declaratory judgment action is not necessary to resolve this issue, as it will be resolved once the Court rules on the merits of this case. To allow Counter-Plaintiff to proceed on its declaratory judgment counterclaim implicating these same issues would be redundant, unnecessary, and would potentially complicate resolution of the trademark infringement claims at issue in this case. Accordingly, like in *Intercon Solutions* and *Sarkis' Café*, this redundant counterclaim should also be stricken.

## II.     EACH OF THE SEVEN AFFIRMATIVE
##        DEFENSES IS FATALLY FLAWED

An affirmative defense is an "assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." *Emergency One, Inc. v. Am. Fire Eagle Engine, Co*., 332 F. 3d 264, 271 (4th Cir. 2003) (internal quotation omitted).  Thus, an affirmative defense must raise matters that are distinct from, and not merely denials of, the elements of the opposing party's claims.  *Id*. at 272.  Moreover, as the Supreme Court held in *Bell Atlantic Corp. v. Twombly,* Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. 544, 556 (2007).  Under Rule 8, allegations "must contain sufficient factual matter" so as to "allow the Court to draw a reasonable inference" that the allegations are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Where such factual matter is lacking, the allegation must be stricken or dismissed.  *Id*.  Additionally, Rule 8 requires that affirmative defenses must do more than merely assert bare bones, conclusory allegations that fail to put a party on notice of the underlying bases for the purported defenses. *See Linc. Fin. Corp. v. Onwuteaka*, No. 95C4928, 1995 WL 708575, at *3 (N.D. Ill. Nov. 30, 1995) (holding that if an affirmative defense contains no more than "bare bones conclusory allegations," it must be stricken).  Finally, to stand, an affirmative defense must be a valid cognizable defense. *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc*., 2003 U.S. Dist. LEXIS 4964, 13-14 (N.D. Ill. Mar. 28, 2003) (finding defendant's assertion of "innocent infringement" was not an affirmative defense because it is only relevant to what remedies are available to the plaintiff, not to the ultimate issue of infringement).

---

[1]     Defendant/Counter-Plaintiff pleads five counterclaims.  Counterclaims two through five relate to the Top Tobacco's mark GAMBLER and are not the subject of the present motion.

Here, Counter-Plaintiff alleges seven, stark and perfunctory affirmative defense asserting (i) laches, (ii) waiver, (iii) estoppel; (iv) acquiescence, (v) unclean hands, (vi) registration and use of the 4 KINGS mark will not give rise to a likelihood of confusion with the FOUR ACES mark, and (vii) Good Times' actions have been innocent and in good faith. As outlined below, each of these defenses fails one or more of the standards and should therefore be stricken.

### A. Affirmative Defense Nos. 1, 3 and 4 are Legally Untenable and Should be Stricken.

The most obviously deficient of Counter-Plaintiff's Affirmative Defenses are those that, in one form or another, are legally untenable. The First, Third and Forth Defenses – laches, estoppel and acquiescence – are each deficient because Top Tobacco, as a matter of law, could not have delayed in bringing this action.

Laches, estoppel and acquiescence are found upon a showing that a trademark owner unreasonably delayed in bringing its claims and the alleged infringer acted to its detriment because of this delay. *Pucci v. Pucci Corp.*, 2 USPQ2d 1958 (N.D. Ill. 1987). Here, Top Tobacco became aware of Good Times' plans to use the 4 KINGS mark in connection with tobacco when Good Times' filed Application No. 86/046,508 for the mark 4 KINGS on August 23, 2013 based on its intent to use the mark for cigars. (*See* Trademark Electronic Search System (TESS) printout for the subject application, attached hereto as Exhibit A). Top Tobacco timely opposed the 4 KINGS application on March 17, 2014 and soon after learning that Counter-Plaintiff had commenced use of the 4 KINGS mark for flavored cigarillos, Top Tobacco objected to such use initiated this proceeding. Accordingly, Counter-Plaintiff cannot allege – and indeed does not allege – that Top Tobacco unreasonably and inexcusably delayed in bringing this action. *See Piper Aircraft Corp. v. Wag-Aero, Inc.,* 741 F.2d 925, 933 (7th Cir. 1984) (finding that a two year delay in filing an action following knowledge of the infringement has rarely been held sufficient to constitute laches). Moreover, in light of Top Tobacco's timely

objection to Counter-Plaintiff's infringement, Counter-Plaintiff could not have reasonably relied on Top Tobacco's conduct to its detriment in continuing to market its 4 KINGS tobacco products. Accordingly, Counter-Plaintiff's First, Third and Fourth Affirmative Defenses should be stricken.

**B.      Affirmative Defense Nos. 1, 2, 3, 4, 5, 6 and 7 Should be Stricken As Non-Compliant with *Iqbal* and *Twombly*.**

None of Counter-Plaintiff's seven Affirmative Defenses – laches. waiver, etoppel, acquiescence, unclean hands, likelihood of confusion and Good Times' purported good faith conduct – allege a single, specific fact. *See* Aff. Def. ¶¶ 1-7, Answer, at 13-14. Instead, each of the seven Affirmative Defenses are perfunctory bare-boned, conclusory allegations that fail to provide any notice of the underlying basis for the purported defenses or claims, as required by Federal Rule of Civil Procedure 8 and *Iqbal* and *Twombly*. Allegations that fail to meet this clear and well-established standard, like those asserted by the Counter-Plaintiff, must be stricken. *See Linc. Fin. Corp. v. Onwuteaka*, No. 95C4928, 1995 WL 708575, at *3 (N.D. Ill. Nov. 30, 1995) (holding that if an affirmative defense contains no more than "bare bones conclusory allegations," it must be stricken); *Shah v. Colleto, Inc.*, No. DKC 2004-4059, 2005 U.S. Dist. LEXIS 19938, at *12 (D. Md. Sept. 12, 2005) (noting that the court "need not...accept unsupported legal allegations, legal conclusions couched as factual allegations or conclusory factual allegations devoid of any reference to actual events" under pleading standard of Rule 8).

Another reason that at least some predicate facts are required is illustrated by Counter-Plaintiff's allegations themselves, as Counter-Plaintiff alleges estoppel and acquiescence for example, which would be found only if Counter-Plaintiff relied upon an affirmative act by Top Tobacco. *Television Ass'n Inc. v. American Cinema Editors Inc.*, 19 USPQ2d 1424, 1431-32 (Fed. Cir. 1991). Rule 8 requires that an applicant allege what that act is, who did it, and when and where the act occurred so that an opposer can defend the allegations at trial. *Builder's Bank*

*v. First Bank & Trust Co. of Ill.*, No. 03-4959, 2004 WL 626827, at 5-6 (N.D. Ill. Mar. 25, 2004) (equitable defenses require at least some direct or inferential allegations as to each element of the defense asserted). Here, in its Third and Forth Affirmative Defenses, Counter-Plaintiff fails to allege even a single fact and instead merely alleges that "[Top Tobacco's] claims, and the relief they seek, are barred, in whole or in part, by estoppel" and "[Top Tobacco's] claims, and the relief they seek, are barred, in whole or in part, by acquiescence." *See* Aff. Def. ¶¶ 2-4, Answer, at 14.

In its Second Affirmative Defense, Counter-Plaintiff also alleges waiver, which requires "the intentional relinquishment or abandonment of a known right." *Kontrick v. Ryan,* 540 U.S. 443, 458 n.13 (2004) (internal quotation omitted) (overruled in part on other grounds). A mark is considered abandoned "when its use has been discontinued with intent not to resume such use." 15 U.S.C. §1127. Top Tobacco has certainly not relinquished or abandoned any rights in relation to this matter and Counter-Plaintiff has not pled any fact that would establish otherwise. In fact, just the opposite is true – Top Tobacco timely brought this action to protect its rights and valuable assets.

Moreover, Counter-Plaintiff alleges unclean hands, which sounds in fraud and, therefore, must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *See Am. Top English v. Lexicon Marketing (USA), Inc.,* No. 03C 7021, 2004 WL 2271838, at *11 (N.D. Ill. Oct. 4, 2004) (striking "improperly pled" unclean hands defense where defendant failed to plead specifics constituting elements of the defense and noting that defenses of fraud must be pled with particularity in accordance with Fed. R. Civ. P. 9(b)); *see also Midwest Plastic Fabricators Inc. v. Underwriters Labs. Inc.*, 5 USPQ2d 1067, 1069 (TTAB 1987) (striking unclean hands defense where allegations failed to set forth "specific allegations of conduct by petitioner that, if proved would prevent petitioner from prevailing"). Federal Rule of Civil

Procedure 9(b) requires a party pleading fraud to "state with particularity the circumstances constituting fraud." Counter-Plaintiff's Fifth Affirmative Defense, however, merely states that "[Top Tobacco's] claims, and the relief they seek, are barred, in whole or in part, by the doctrines [sic] of unclean hands." *See* Aff. Def. ¶5, Answer, at 14. This conclusory statement does not plead facts with sufficient particularity as to meet the heightened pleading standards of Rule 9, and should be stricken. Accordingly because none of the Affirmative Defenses allege a single fact that, if proven, could support a plausible defense, each of Counter-Plaintiff's seven Affirmative Defenses should be stricken.

### C. Affirmative Defense Nos. 6 and 7 Should be Stricken Because They are Not Recognized Defenses and are Redundant.

Counter-Plaintiff's Sixth and Seventh Affirmative Defenses allege that there is "no likelihood of confusion" and that Counter-Plaintiff has acted in "good faith." *See* Aff. Def. ¶¶ 6-7, Answer, at 14. These allegations are merely further general denials of Top Tobacco's claims, redundant of the denials contained in the answer, and not recognizable affirmative defenses, and should be stricken. *Ocean Atl. Woodland Corp.* 2003 U.S. Dist. LEXIS at 13-14 (N.D. Ill. Mar. 28, 2003) (finding defendant's assertion of "innocent infringement" was not an affirmative defense because it is only relevant to what remedies are available to the plaintiff, not to the ultimate issue of infringement).

### III.   <u>CONCLUSION</u>

If Counter-Plaintiff's defenses are permitted to stand, Top Tobacco will be forced to serve numerous discovery requests and dedicate substantial deposition time, not only to discover the basis of Defendant's Affirmative Defenses, but also to prepare Top Tobacco's responses to these defenses. Similarly, failure to strike Counter-Plaintiff's First Counterclaim will result in Top Tobacco being forced to defend a moot controversy. Granting the present motion will,

therefore, serve the interests of the parties and the Court by removing irrelevant and unnecessary issues from the proceeding and allow this case to move forward in an efficient and focused manner.

WHEREFORE, Top Tobacco, L.P. and Republic Tobacco L.P. respectfully request that the Court:

(1) enter an Order granting this Motion and striking each of Counter-Plaintiff's Affirmative Defenses and striking Counter-Plaintiff's First Counterclaim;

(2) grant Top Tobacco, L.P. and Republic Tobacco L.P. any such additional and further relief that the Court deems proper.


Dated: January 30, 2015                                    Respectfully Submitted,


                                                By:        s/Antony J. McShane/
                                                           One of the Attorneys for Plaintiffs,
                                                           Top Tobacco, L.P. and
                                                           Republic Tobacco, L.P.


Antony J. McShane (ARDC# 6190332)
Andrea S. Fuelleman (ARDC# 6309043)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, Illinois  60602
Telephone:  (312) 269-8000
Facsimile:  (312) 269-1747

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing Memorandum of Law in Support of Motion to Strike Affirmative Defenses upon Defendant/Counter-Plaintiff's counsel of record listed below by electronic means pursuant to the Court's Electronic Case Filing (ECF) system:

        Howard S. Michael
        Nicholas De La Torre
        Michael R. Friedman
        BRINKS GILSON & LIONE
        NBC Tower, Suite 3600
        455 N. Cityfront Plaza Drive
        Chicago, Illinois 60611-5599


Date:   January 30, 2015                      /Andrea S. Fuelleman/

                                               One of the Attorneys for Plaintiffs,
                                             Top Tobacco, L.P. and
                                               Republic Tobacco, L.P.

20749182.3